UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHERILL P. LYONS,

       Plaintiff,

       v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.

Civil No. 06-529-HA

OPINION AND ORDER

HAGGERTY, Chief Judge:

      Plaintiff Sherill Lyons seeks judicial review of a final decision denying her application for disability insurance benefits and supplemental social security income. Plaintiff alleges that she became disabled on April 1, 2003,[1] as a result of various disorders including spinal stenosis,

---

[1] The court notes that although plaintiff did not object to the ALJ's finding of fact with regard to plaintiff's disability onset date of April 1, 2003, the record indicates that plaintiff's alleged onset date was January 1, 2002. Transcript of Record (hereinafter "Tr.") 68-69. On remand for calculation of benefits, the ALJ may adjust this date as the interests of justice so require.

1 - OPINION AND ORDER

degenerative disc disease, fibromyalgia, plantar fasciitis and diabetic neuropathy. She protectively applied for disability benefits on January 28, 2003. Her application was denied initially and upon reconsideration. A hearing, with plaintiff represented by counsel, was held before an Administrative Law Judge (ALJ) on March 31, 2005. During the hearing, the ALJ heard testimony from plaintiff and C. Kay Hartgrave Wise, a vocational expert. On August 25, 2005, the ALJ issued a decision concluding that plaintiff was not entitled to benefits. This decision became the Commissioner's final decision upon the Appeals Council's denial of review. *See* 20 C.F.R. §§ 404.981, 416.1481, 422.210. Plaintiff subsequently sought judicial review.

## I.    LEGAL STANDARDS

### 1.    Five-Step Disability Analysis

To establish an eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits because of disability. 20 C.F.R. §§ 404.1520, 416.920; *see also Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989).

First, the Commissioner determines whether the claimant is engaged in substantial gainful activity. If the claimant is so engaged, disability benefits are denied.

Otherwise, the Commissioner proceeds to a second step and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe." 20 C.F.R. §

404.1520(a). If the claimant lacks this kind of impairment, disability benefits are denied. 20 C.F.R. § 404.1520(c).

If the claimant is severely impaired, the Commissioner proceeds to a third step, and determines whether the impairment is equivalent to one or more impairments that the Commissioner has recognized to be so severe they are presumed to preclude substantial gainful activity. 20 C.F.R. § 404.1520(d). These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listing of Impairments"). If the claimant's condition meets or equals one in the Listing of Impairments, the claimant is presumed conclusively to be disabled.

If the impairment is not one that is presumed to be disabling, the Commissioner proceeds to the fourth step to determine whether the impairment prevents the claimant from engaging in work that the claimant has performed in the past. If the claimant is able to perform his or her former work, a finding of "not disabled" is made and disability benefits are denied. 20 C.F.R. § 404.1520(e).

If the claimant is unable to perform work that he or she has performed in the past, the Commissioner proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his or her age, education, and work experience.

In this five-step framework used by the Commissioner, the claimant has the burden of proof as to steps one through four. However, in the fifth step, the burden shifts to the Commissioner to show there are a significant number of jobs in the national economy that the claimant can perform given his or her residual functional capacity (RFC), age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996).

If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits under the Act. 20 C.F.R. § 404.1520(f)(1). If the Commissioner meets this burden, the claimant must be deemed not disabled for purposes of determining benefits eligibility. 20 C.F.R. §§ 404.1566, 404.1520(g).

### 2. Quantum of Proof

The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted). The Commissioner's denial of benefits is upheld even if the evidence is susceptible to more than one rational interpretation, as long as one of the interpretations supports the decision of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citation omitted); *Andrews*, 53 F.3d at 1039-40.

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098 (quotation and citation omitted). The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances in which the evidence would support either outcome. *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003) (citation omitted); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998) (citation omitted).

However, a decision supported by substantial evidence still must be set aside if the Commissioner did not apply proper legal standards in weighing the evidence and making the decision. *Reddick*, 157 F.3d at 720-21.

## II.     DISCUSSION

Plaintiff's extensive medical history is discussed at length in the ALJ's decision and in the briefs. At the time of her hearing, plaintiff was a 53-year-old woman with a high school education and four years of college. Her prior work experience includes work as a merchandiser, phone book delivery person, sales person, and lawn mower.

### 1.     ALJ's Findings

At step one of the five-step analysis, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset of her disability. Tr. 35B.

At step two, the ALJ found that plaintiff had severe physical impairments, including fibromyalgia, degenerative changes to the spine, obesity, sleep apnea, and diabetes. Tr. 35B.

At step three, the ALJ found plaintiff's impairments, individually and in combination, did not meet or equal the requirements of a listed impairment. Tr. 35B.

At step four, the ALJ found that plaintiff had "a residual functional capacity to perform work in which she lifts 20 pounds occasionally and 10 pounds frequently; sit, stand or walks for six hours total in a day, but must have no prolonged standing or walking." Tr. 36. Based on this residual functional capacity evaluation, the ALJ concluded that plaintiff was not able to perform her past relevant work. Tr. 36.

At step five, the ALJ found that, based on plaintiff's residual functional capacity and testimony of the vocational expert, plaintiff could perform work existing in significant numbers

in the national economy, specifically incoming receiving clerk, sorter pricer, and office helper. Tr. 36.

### 2. Analysis

Plaintiff alleges that the ALJ erred in not property addressing the lay testimony of her husband and in failing to find plaintiff's spinal degeneration severe. Plaintiff asks the court to reverse and remand this case for a finding of disability and payment of benefits.

An ALJ is required to consider and evaluate evidence from non-expert sources. 20 C.F.R. § 416.945(a)(3). An ALJ cannot reject lay testimony as to a claimant's symptoms unless he "expressly determines to disregard such evidence, in which case he must give reasons that are germane to each witness." *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996).

Plaintiff's husband, Mr. Lyons, submitted a statement that plaintiff is able to work half a day on occasion but must then spend the next day recuperating from pain and fatigue. Tr. 143. Mr. Lyons added that plaintiff's pain, primarily in her back, keeps her from leaving home four or five days in an average month. Tr. 143.

The ALJ made only one reference to this evidence:

> Insomuch as the claimant herself is not credible, any lay statements, or opinions such as that of Dr. Forum, Dr. Parvin or others must be discounted for the same reasons should they imply that she is disabled.

Tr. 33A. The ALJ did not make any express decision to disregard Mr. Lyons' evidence in particular and certainly gave no reasons germane to Mr. Lyons. Instead, the ALJ made a blanket statement that because plaintiff was not credible, any other evidence consistent with her testimony must also be discounted. This reasoning is not "germane to each witness." Further, the ALJ's chain of reasoning has been specifically rejected by the Ninth Circuit:

6 - OPINION AND ORDER

> If we follow the ALJ's reasoning, he dismissed the evidence of these lay witnesses because he believed that they were merely repeating Dodrill's complaints. That may have been the case as to some of the witnesses, such as her daughters, whose statements did not explain sufficiently when to what extent they had the opportunity to observe their mother. Other witnesses, however, like Dodrill's husband, grandson and friend, clearly saw her on a frequent basis. The testimony of these witnesses could not be so easily disposed of.

*Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993) (concluding that the ALJ must give reasons germane to each witness in order to discount lay witness testimony). Here, plaintiff's husband lives with her and therefore presumably sees her "on a frequent basis." His testimony cannot be dismissed on the grounds that Mr. Lyons was "merely repeating [plaintiff's] complaints."

**3.     Remand**

In light of the ALJ's erroneous rejection of lay testimony from plaintiff's husband, this court concludes that a remand is appropriate in this matter. The fourth and sixth sentences of 42 U.S.C. § 405(g) set forth the exclusive methods by which district courts may remand an action to the Commissioner. *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993); *see also Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991).

Sentence four provides that the district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing" and is "essentially a determination that the agency erred in some respect in reaching a decision to deny benefits." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (quoting 42 U.S.C. § 405(g) and citing *Jackson v. Chater*, 99 F.3d 1086, 1095 (11th Cir. 1996)). A plaintiff who obtains a sentence four remand is considered a prevailing party for purposes of attorney fees

7  - OPINION AND ORDER

...

even when the case has been remanded for further administrative action. *Id*. (citing *Schaefer*, 509 U.S. at 297-302).

Conversely, remands ordered pursuant to sentence six of Section 405(g) "may be ordered in only two situations: where the Commissioner requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." *Akopyan*, 296 F.3d at 854-55 (citing *Schaefer*, 509 U.S. at 297 n. 2). Unlike sentence four remands, sentence six remands do not constitute final judgments. *Id*.

The issues presented here compel a remand under sentence four. Whether to remand under sentence four for an award of benefits, or for further proceedings, is a matter of judicial discretion. *Harman v. Apfel*, 211 F.3d 1172, 1177 (9th Cir. 2000). The decision turns upon the likely utility of further proceedings. *Id.* at 1179. Such a remand is unnecessary if the record is fully developed and it is clear from the record that the ALJ would be required to award benefits. *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). The rule recognizes "the importance of expediting disability claims." *Id*. (citation omitted). In cases in which it is evident from the record that benefits should be awarded, remanding for further proceedings would delay effectuating the primary purpose of the Social Security Act, which is to give financial assistance to disabled persons because they cannot sustain themselves. *Id*.

The record shows that plaintiff's disability would cause her to be absent from work four or more times per month. Testimony from the vocational expert indicated that this number of absences would preclude employment with *any* employer. Tr. 406-07. It is clear from the record that the ALJ must find the claimant disabled, and additional proceedings are unnecessary to determine plaintiff's entitlement to benefits. The record is fully developed, and further

proceedings "would serve no useful purpose." *See Lester*, 81 F.3d at 834 (if evidence that was improperly rejected demonstrates that claimant is disabled, court should remand for payment of benefits).

Moreover, permitting the Commissioner a further opportunity under these circumstances to amend findings to comport with a denial of disability benefits is not in the interests of justice. *See Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989) (if remand for further proceedings would only delay the receipt of benefits, judgment for the claimant is appropriate).

### III.   CONCLUSION

Based on the foregoing, this court concludes that the record is fully developed and that further administrative proceedings would serve no useful purpose. Under the applicable standards, after giving the evidence in the record the effect required by law, this court finds that plaintiff is unable to engage in any substantial gainful activity by reason of her impairments, and she is disabled under the Act. Accordingly, the decision of the Commissioner is reversed, and this case is remanded to the Commissioner for the calculation and award of benefits to plaintiff Sherill Lyons.

IT IS SO ORDERED.

DATED this  14   day of November, 2007.

                             /s/ Ancer L. Haggerty
                            Ancer L. Haggerty
                            United States District Judge